J-S24039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARON DAVIS, | : | |
| | : | |
| Appellant | : | No. 1972 EDA 2019 |

Appeal from the PCRA Order Entered June 17, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): No. CP-51-CR-0001064-2017

BEFORE:   BENDER P.J.E., STABILE, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:                Filed: October 29, 2020

Daron Davis (Appellant) appeals from the June 17, 2019 order

dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA),

42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court provided the following factual background.

> On November 23, 2016, at approximately 10:45 p.m.,
> Philadelphia police responded to a radio call for a shooting at 16th
> and Diamond Streets. Upon their arrival at 1530 West Diamond
> Street, officers were flagged down by the victim, who was
> suffering from gunshot wounds to the left shoulder as well as the
> right leg. Medics transported the victim to Hahnemann Hospital[,
> where he was treated for his injuries].
>
>     On November 26, 2016, at approximately 3:36 p.m., there
> was a home invasion in New Britain Township, which is located in
> Bucks County. On that date, Appellant and another individual
> unlawfully entered a man's home, robbed him, and cut his throat[,
> nearly killing him]. Detectives in Bucks County developed

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant as a suspect and questioned him. During the interrogation, Appellant admitted to his role in the home invasion. Appellant also told the detectives he was involved in a shooting in Philadelphia, which had occurred on November 23, 2016. Appellant explained that he shot the victim in retaliation for the victim's refusal to return a gun to Appellant's friend.

PCRA Court Opinion, 12/2/2019, at 2 (footnote and citations to the record omitted; capitalization altered); *see also* N.T., 10/10/2017, at 9-11.

Based on the foregoing, the Commonwealth presented the matter to an indicting grand jury, which returned an indictment. Appellant was charged with attempted murder, conspiracy, aggravated assault, simple assault, possession of instrument of crime (PIC), recklessly endangering another person (REAP), and two firearms offenses. On October 10, 2017, Appellant entered a negotiated guilty plea to attempted murder, conspiracy, and two firearms offenses.[1] He was sentenced that same day to an aggregate sentence of 15 to 30 years of incarceration.[2] Appellant did not file post-sentence motions or a direct appeal.

On February 23, 2018, Appellant *pro se* timely filed the instant PCRA petition asserting, *inter alia*, that he was "unlawfully induced to plead guilty under duress" and that counsel was ineffective for failing to investigate his

---

[1] The remaining charges were *nolle prossed*.

[2] The trial court accepted the negotiated sentence recommended by the Commonwealth. Appellant was sentenced to 15 to 30 years of incarceration for attempted murder, to run concurrently to 10 to 20 years of incarceration for conspiracy, and no further penalty for the firearms offenses. This sentence was set to run concurrently to the sentence imposed in Appellant's Bucks County case at docket number CP-09-CR-0000596-2017.

case, failing to file post-sentence motions, and forcing him to plead guilty. PCRA Petition, 2/23/2018, at 4-5. More specifically, Appellant claimed he told counsel he wanted to withdraw his guilty plea because it was not knowing, intelligent, or voluntary, but rather "was under duress of force because [his] trial counsel was ineffective[,] incompetent[,] unprofessional[,] and not prepared for trial" and his "attorney [] guided [him] into taking the open[3] plea knowing [he] didn't understand all the circumstances of the entire plea and waiving all [his] appeal and trial rights." *Id.* at 5. Appellant also contended that the trial court failed to colloquy him properly. *Id.* at 6.

Thereafter, counsel was appointed and filed an amended PCRA petition, alleging Appellant's guilty plea was unlawfully induced, and ineffective assistance of counsel "for failing to argue that the indictment returned by the grand jury should have been dismissed" and "for causing [Appellant] to enter an involuntary or unknowing plea." Amended PCRA Petition, 10/15/2018, at 3. Attached to his amended petition was a memorandum of law in support thereof. Therein, Appellant argued, *inter alia*, that due to counsel's lack of time spent investigating his case, "counsel's only tactic was to pressure him to accept the plea bargain" and Appellant was "fearful and felt he had no choice but to acquiesce to a guilty plea." *Id.* at 12. Appellant further claimed that "the guilty plea was not only against his better judgment, but also induced

---

[3] As stated *supra*, Appellant's plea was negotiated.

by the more overpowering collective will of trial counsel and the [trial court]."
***Id.*** at 14.

The Commonwealth filed a motion to dismiss the PCRA petition. The Commonwealth assailed Appellant's petition based on Appellant's extensive written and oral guilty plea colloquy. Commonwealth's Motion to Dismiss, 3/7/2019, at 5-9. On June 17, 2019, the PCRA court granted the Commonwealth's motion and dismissed Appellant's PCRA petition.[4]

This timely filed notice of appeal followed.[5]  On appeal, Appellant asks us to review whether the PCRA court erred in dismissing the PCRA petition without a hearing where he contends his guilty plea was unlawfully induced and trial counsel was ineffective for causing Appellant to enter an involuntary or unknowing plea. Appellant's Brief at 7.[6]

We begin with our standard of review.

_____

[4] It is unclear from the record whether the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing, as required by Pa.R.Crim.P. 907. The Rule 907 notice does not appear in the record, but the PCRA court's order denying and dismissing the petition states "907 Notice Sent April 2019." Order, 6/17/2019. Appellant states in his brief that the notice was issued on May 13, 2019. Appellant's Brief at 12. In any event, Appellant has not raised this issue on appeal, and thus has waived any potential defect in notice. ***Commonwealth v. Zeigler***, 148 A.3d 849, 852 n.2 (Pa. Super. 2016) (citation omitted) (holding Zeigler's failure to raise on appeal PCRA court's failure to provide Rule 907 notice results in waiver of claim).

[5] Both Appellant and the PRCA court complied with Pa.R.A.P. 1925.

[6] Appellant states in his brief that he has abandoned his claim that counsel was ineffective for failing to argue that the grand jury indictment should have been dismissed. Appellant's Brief at 8 n.1.

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

***Commonwealth v. Perry***, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Hanible***, [] 30 A.3d 426, 452 ([Pa.] 2011).

***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa. Super. 2019).

Appellant's first issue contends he was unlawfully induced to plead guilty. Appellant's Brief at 15-18. Specifically, he argues that counsel exerted pressure to force him to plead guilty because he "only met his attorney briefly on the day of the hearing, not long before the hearing began[;] he was pressured into pleading guilty in his short meeting with the attorney before the hearing[;] and his counsel was ineffective." ***Id.*** at 15. Appellant acknowledges that he answered in the negative when asked if he was forced

or felt threatened to enter his guilty plea, but states "he did so out of fear and lack of potential choices." *Id.* He further asserts that he answered affirmatively that he was satisfied with information and advice from counsel because he did not know "he had the ability to say that he was not." *Id.* at 15-16. Appellant also claims he "continually asserted his innocence" to both counsel and the trial court. *Id.* at 16. Finally, he contends that although he had been involved in the juvenile court system, he was only age 20 and unfamiliar with adult court. *Id.*

We consider this issue mindful of the following. Under the PCRA, the petitioner must plead and prove by a preponderance of evidence that his conviction or sentence resulted from a guilty plea "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). "A valid guilty plea must be knowingly, intelligently, and voluntarily entered." *Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted).

> The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining

the totality of the circumstances surrounding the entry of that plea.

*Id.* (citations omitted); *see also* Pa.R.Crim.P. 590. "Once the defendant has entered a guilty plea, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." ***Commonwealth v. Willis***, 68 A.3d 997, 1002 (Pa. Super. 2013) (citation and internal quotation marks omitted). "The law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made." *Id.* (citation and brackets omitted). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pier***, 182 A.3d 476, 480 (Pa. Super. 2018) (citation omitted).

The PCRA court determined that Appellant entered his guilty plea knowingly, voluntarily, and intelligently.

> The record does not support Appellant's allegation. On the date that Appellant pleaded guilty, [the trial court] conducted a thorough on-the-record oral colloquy prior to accepting the plea. During the colloquy, Appellant stated that he was twenty years old and read, wrote, as well as understood the English language. Appellant confirmed that he was not taking prescription medication, which might prevent him from understanding what was occurring. Appellant stated that, other than the terms of the negotiations, no other promises were made to him. Appellant agreed that no one had threatened or forced him into entering the plea. Finally, Appellant declared that he was satisfied with the representation of his counsel.

- 7 -

The signed written guilty plea colloquy is also evidence of Appellant's intent to plead guilty. Appellant stated that he read, reviewed, and signed the written guilty plea colloquy of which [] counsel had explained the meaning. Pursuant to the terms of the Commonwealth's offer, Appellant pleaded guilty to charges, which carried a maximum sentence of fifty-two years, including a fine of $75,000. However, the Commonwealth recommended [the trial court] impose the negotiated sentence of fifteen to thirty years, and that the [trial court] order Appellant's sentence to run concurrently with Appellant's sentence imposed by a court in Bucks County.

Thus, [the trial court's] oral colloquy and Appellant's written guilty plea colloquy demonstrate that the plea was entered knowingly, intelligently, and voluntarily. The [PCRA court's] review of the record revealed no evidence of pressure or coercion which would indicate that Appellant's plea was either involuntarily or unknowingly entered. Additionally, Appellant confirmed that he understood the terms of the plea and stated that he was satisfied with [] counsel's representation. Appellant is bound by these statements and cannot obtain relief on grounds that contradict these prior assertions.

PCRA Court Opinion, 12/2/2019, at 6-9 (citations omitted; some capitalization altered).

Our review of the record confirms that Appellant completed extensive guilty plea colloquies, both written and oral, covering all necessary topics for a valid plea colloquy. N.T., 10/10/2017, at 4-9 (Appellant acknowledging that he reads, writes, and understands English; had never been treated for any mental illness; was not under the influence of drugs or alcohol; did not take any prescription medication that would prevent his understanding; had completed a written guilty plea colloquy, which he signed after consultation with counsel; his counsel had explained the written colloquy to him and Appellant had read and signed it agreeing to plead guilty to the

aforementioned offenses; was advised he was waiving certain rights, including the right to a jury trial; was advised of the maximum penalties; was advised of the negotiated recommended sentence and nothing else was promised to him in exchange for his plea; was not being threatened or forced to enter his plea; was satisfied with the information and advice from his counsel; and was certain he understood what it meant to plead guilty); Written Guilty Plea Colloquy, 10/10/2017, at 1-5 (same); N.T., 10/10/2017, at 9-11 (Appellant hearing and agreeing to the factual basis of the charges). Accordingly, this challenge affords Appellant no relief. *See Pier*, 182 A.3d at 480.

Appellant's second issue asks us to determine whether the PCRA court erred in dismissing without a hearing Appellant's claim that counsel was ineffective for causing Appellant to enter an involuntary or unknowing guilty plea. Appellant's Brief at 18-20. Specifically, Appellant claims counsel and the trial court "overpowered" his will and "he entered into the guilty plea without full autonomy over the choice he made." *Id.* at 20. He asserts there was no reasonable basis for counsel's alleged inducement and coercion, and failure to investigate his case or meet with him prior to the hearing. *Id.* Appellant argues he suffered actual prejudice because he was coerced into accepting a guilty plea based on counsel's lack of due diligence in investigating and preparing his case, and failing to file pre-trial motions to suppress evidence. *Id.*

"Allegations that counsel misadvised a criminal defendant in the plea process are properly determined under the ineffectiveness of counsel subsection of the PCRA [(42 Pa.C.S. § 9543(a)(2)(ii)),] not the subsection specifically governing guilty pleas [(42 Pa.C.S. § 9543(a)(2)(iii))]." *Commonwealth v. Lynch*, 820 A.2d 728, 730 n.2 (Pa. Super. 2003). We observe the following with respect to ineffective-assistance-of-counsel claims.

> The law presumes counsel has rendered effective assistance. In general, to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Postie*, 200 A.3d 1015, 1022-23 (Pa. Super. 2018) (*en banc*) (citations, footnote, and quotation marks omitted). Because Appellant entered into a guilty plea, we keep in mind that "[i]n the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. 2017) (citation omitted).

At his guilty plea hearing, Appellant acknowledged he was satisfied with counsel. The following exchange took place.

> [TRIAL COURT]:  I'm holding up your guilty plea agreement. Did you read and review this document with your attorney, Mr. Yanks?

[APPELLANT]:     Yes, Your Honor.

[TRIAL COURT]:  Did he explain to you what this means?

[APPELLANT]:     Yes.

* * *

[TRIAL COURT]: Has anyone threatened you or forced you to enter into this plea?

[APPELLANT]:     No, Your Honor.

[TRIAL COURT]: Are you satisfied with the information and advice you have received from your attorney, Mr. Yanks?

[APPELLANT]:     Yes, Your Honor.

N.T., 10/10/2017, at 5, 8; *see also* Written Guilty Plea Colloquy, 10/10/2017, at 1-5 (Appellant affirming that he was satisfied with the advice and service he received from counsel, that counsel spent enough time on his case, that Appellant had enough time to talk with counsel about his case, that counsel left the final decision to Appellant, and that Appellant decided himself to plead guilty). As discussed *supra*, Appellant's plea was entered knowingly, voluntarily, and intelligently, and Appellant is bound by the statements he made in open court while under oath. *Pier*, 182 A.3d at 480. Accordingly, Appellant's contention that counsel's ineffectiveness caused him to enter an involuntary or unknowing plea has no merit and Appellant has failed to present an issue of arguable merit. Because Appellant's underlying claim is without merit, we need not continue with the remainder of the ineffective-assistance-of-counsel analysis. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010)

("A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of th[e] three prongs."). Therefore, the PCRA court did not err in finding Appellant failed to establish counsel's ineffectiveness.

Based on the foregoing, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judge Stabile joins in this memorandum.

President Judge Emeritus Bender files a dissenting memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/29/20